IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                :
                                      :
TROPICAIR MANUFACTURING, CORP.,       :    Case No. 04-00142 (GAC)
                                      :
        Debtor                        :    Chapter 7
_____:
                                      :
ALUMINIO DEL CARIBE, INC.,            :
                                      :
        Plaintiff                     :
                                      :
        v.                            :    Adv. No. 05-0037
                                      :
TROPICAIR MANUFACTURING CORP.,        :
et al.,                               :
                                      :
        Defendants                    :
_____:


DECISION AND ORDER

BACKGROUND

The plaintiff, Aluminio del Caribe, Inc. ("Aluminio,") filed this complaint seeking to recover the sum of $105,760.00. Aluminio alleges that between September 2001 and October 2001, the debtor, Tropicair Manufacturing Corp. ("Tropicair") incurred a debt of $105,760.00 for materials supplied by Aluminio. Judgment was issued against Tropicair on September 17, 2002. Aluminio claims that the debt is due and payable and that the principals of the corporation, who are also defendants, used Tropicair to perpetrate a fraud and evade civil responsibility for Tropicair's monetary obligations. Aluminio alleges that a separate corporation, Befra, Inc. ("Befra"), was operated by the same principals and was the

1

alter ego of the owners.  Aluminio also alleges that the corporate
formalities were disregarded and the assets of the various
defendants were commingled.  Aluminio seeks to pierce Tropicair's
corporate veil to hold Befra and the principals jointly liable for
the debt.  Aluminio also alleges breach of contract and fraud and
seeks damages in the amount of $105,760.00 for the materials
supplied, plus interest, attorney's fees and costs.

Befra filed a motion to dismiss the complaint (dkt. #33), which
was joined by the principals (dkts. #45) and by Tropicair (dkt.
#56).  Befra contends that the adversary must be dismissed for lack
of federal jurisdiction.  Befra alleges that there is no diversity
of citizenship, nor presence of a federal question.  Befra also
argues that the matter is a non-core proceeding because it is
merely related to the bankruptcy case and because it arose prior to
the bankruptcy filing and involves rights independent of the
bankruptcy filing.  Moreover, the action seeks damages against
third-party non-debtors.

Befra's motion to dismiss was opposed by Aluminio (dkt. #46).
Aluminio contends that the Court has jurisdiction over this
proceeding.  Aluminio argues that even if the matter is non-core,
the bankruptcy court could issue a report and recommendation to the
United States District Court pursuant to 28 U.S.C. § 157(c)(1)-(2).
On the other hand, Aluminio indicates that if the Court declines to
entertain the case, then Aluminio requests that the Court grant

relief from stay to allow Aluminio to pursue the action in the local court. The Court notes that Aluminio had previously filed a motion for relief from the automatic stay but had then agreed with opposing counsel to file an adversary proceeding. Thus, Aluminio requests that the Court confirm jurisdiction over its claim or grant it relief from stay to pursue its claim in local court. Befra filed a reply (dkt. #48).

## DISCUSSION

The United States Code provides that the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The "arising under" and "related to" concepts have been extensively discussed by the courts. "Arising under" proceedings are "those cases in which the cause of action is created by title 11." In re Middlesex Power Equipment & Marine Inc., 292 F.3d 61, 68 (1st Cir. 2002). As opposed to "related to," which the First Circuit Court of Appeals defines as:

> 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'

Id. (quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991).

The Judicial Code then differentiates between core proceedings and non-core proceedings. The Judicial Code includes a non-

3

exhaustive list of core proceedings. See 28 U.S.C. § 157(b)(2). Actions "arising under" title 11 are referred to as "core" proceedings. See 28 U.S.C. § 157(b)(1); In re Sheridan, 362 F.3d 96, 106 (1st Cir. 2004). A core proceeding "relates to a function essential to the administration of the bankruptcy case." Sheridan, 362 F.3d at 106.

"Related to" actions are "non-core" proceedings. Mec Steel Bldgs., Inc. v. San Lorenzo Construction (In re Mec Steel Bldgs., Inc.), 136 B.R. 606, 609 (Bankr. D.P.R. 1992). Non-core proceedings are "claims 'concerned only with State law issues that did not arise in the core bankruptcy function of adjusting debtor-creditor rights.'" Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.), 815 F.2d 165, 167 (1st Cir. 1987)(quoting 130 Cong.Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)). Stated another way, matters which do not involve rights created by federal bankruptcy law are non-core matters. In re Mec Steel Bldgs., Inc., 136 B.R. at 609. "If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves a non-core matter." Id. (citations omitted).

Mec Steel Bldgs. involved a claim by the debtor for the collection of accounts receivable. The debtor argued that this involved administration of the estate and the turning over of

4

property of the estate, both core proceedings under 28 U.S.C. §
157(b)(2). The court in Mec Steel Bldgs. concluded that "actions
initiated in the bankruptcy court to collect prepetition account
receivables are clearly non-core matters and should not be
considered as matters affecting the administration of the estate or
actions for the turnover of property of the estate in order to
categorize them as core." Mec Steel Bldgs. 136 B.R. at 609
(citations omitted). Likewise, actions based on a prepetition
breach of contract are also non-core. See Matter of Candelero Sand
& Gravel, Inc., 66 B.R. 903, 906 (D.P.R. 1986); Ralls v. Docktor
Pet Ctrs., Inc., 177 B.R. 420, 427 (D.Mass.1995)(holding more
expansively that action involving pre-petition contracts, allegedly
breached both before and after the filing of the petition, is
entirely a non-core matter related to a case arising under Title
11).

In the present case, none of Aluminio's causes of action fit
within the enumerated list of core proceedings. Aluminio claims
that its cause of action related to piercing the corporate veil is
a core proceeding. The Court concludes that this type of action is
non-core, especially when it is brought by a creditor for the
creditor's own benefit. See e.g. Phar-Mor, Inc. v. Coopers &
Lybrand, 22 F.3d 1228 (3rd Cir. 1994). "Alter ego/veil piercing
claims involve a substantive theory for imposing liability upon
entities that would, on first blush, not be thought liable for a

5

tort or on a contract." <u>Futura Development v. Estado Libre Asociado de Puerto Rico</u>, 144 F.3d 7, 11 (1st Cir.), *cert. denied*, 525 U.S. 930 (1998). Aluminio's action to pierce Tropicair's corporate veil is an attempt by Aluminio to have its debt satisfied by third parties that have a relationship with Tropicair.

Further, this court concludes that based on the holdings in <u>Mec Steel Bldgs.</u>, <u>Candelero Sand & Gravel</u> and <u>Ralls</u>, Aluminio's attempt to collect from third parties based on Tropicair's prepetition breach of contract is a non-core matter. Accordingly, the Court concludes that all of the claims brought by Aluminio in this proceeding are non-core proceedings.

Moreover, this Court concludes that an action by Aluminio to collect from Tropicair's principals and a related corporation will have no effect on this bankruptcy case. In order for the bankruptcy court to have jurisdiction over a related proceeding, the action must "'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate.'" <u>In re G.S.F. Corp.</u>, 938 F.2d 1467, 1475 (1st Cir. 1991)(quoting <u>In re Smith</u>, 866 F.2d. 576, 580 (3rd Cir. 1989). Bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor. <u>Celotex Corp. v. Edwards</u>, 115 S.Ct. 1493, 1499 n. 6 (1995).

The Court concludes that the matters raised by Aluminio have

no conceivable impact on the bankruptcy estate or on Tropicair. Tropicair's bankruptcy schedules indicate that it has no assets. Likewise, the trustee's interim reports indicate that the trustee has no assets to report. Thus, there are no assets to liquidate and there is no estate to administer. This is a controversy involving whether third parties can be held liable for a debt initially incurred by Tropicair.

Additionally, the matters involved do not present a federal question. The claims are solely based upon issues of local law. There is no diversity jurisdiction. Thus, the matter could not have been filed in federal court but for Tropicair's bankruptcy case. Neither Befra nor the principals of Tropicair consent to have the bankruptcy court enter final orders related to this matter. Thus, even if the Court had jurisdiction over this matter, all of these factors would weigh in favor of dismissal.

Accordingly, the Court will dismiss this adversary proceeding and, to the extent that the defunct debtor is an indispensable party to an action to pierce its corporate veil, the Court will grant Aluminio relief from stay to file this proceeding in local court.

ORDER

Wherefore IT IS ORDERED that the motions to dismiss filed by Befra Inc. (dkt. #33), the debtor's principals (dkt. #45) and the debtor (dkt. #56) are GRANTED.

IT IS FURTHER ordered that Aluminio del Caribe, Inc. is granted relief from stay to file an action in local court to seek to collect on the debtor's obligation to it, from the debtor's principals and the related corporation, Befra Inc.

SO ORDERED.

San Juan, Puerto Rico, this 2nd day of May, 2007.

BY THE COURT:

s/Gerardo A. Carlo

_____
GERARDO A. CARLO
Chief U.S. Bankruptcy Judge